The STATE of Missouri PUBLIC
SERVICE COMMISSION,
Respondent,

The Office of Public Counsel,
Appellant

v.

MISSOURI GAS ENERGY, A Division
of Southern Union Company,
Respondent.

No. WD 75024.

Missouri Court of Appeals,
Western District.

Jan. 8, 2013.

Application for Transfer to Supreme
Court Denied March 5, 2013.

Application for Transfer to Supreme
Court Denied April 30, 2013.

Shelley E. Brueggemann and Kevin A. Thompson, Jefferson City, MO, for respondent Public Service Commission.

Vincent R. McCarthy and Paul A. Boudreau, Jefferson City, MO for respondent Missouri Gas Energy.

Marc D. Poston, Jefferson City, MO, for appellant.

Before Division Three: ALOK AHUJA, Presiding Judge, VICTOR C. HOWARD, Judge and CYNTHIA L. MARTIN, Judge.

CYNTHIA L. MARTIN, Judge.

The Office of the Public Counsel ("OPC") appeals the Public Service Commission's ("Commission") order approving compliance tariff sheets ("Order") entered in case number GT–2012–0183. The Order approved revised tariff sheets filed by Southern Union Company, d/b/a Missouri Gas Energy ("MGE") following the Commission's determination that an earlier version of the tariff sheets was unjust and unreasonable. OPC objects to the Order because the revised tariff sheets exculpate MGE from liability for negligence causing personal injury or property damage.

We reverse and vacate the Order.

## Factual and Procedural History

The procedural history of this case is dispositive of this appeal.

### The Underlying Case and Appeal [1]

MGE is a natural gas provider to over 500,000 residential, commercial, and industrial customers in thirty-four Missouri counties. The Commission is an administrative agency responsible for the regulation of public utilities, including gas corporations, in Missouri. MGE is subject to regulation by the Commission.

In October 2010, the Staff of the Commission ("Staff") filed a complaint against MGE asserting that language in MGE's Tariff Sheet R–34 [2] ("R–34") was unjust and unreasonable and was void and unenforceable as a matter of public policy. The complaint was assigned case number GC–2011–0100. The objectionable language in R–34 purported to exculpate MGE from tort liability to its customers for personal injuries and property damages. Staff alleged R–34 violated Commission policy established in an earlier report & order (the "Laclede Order"). In the Laclede Order, the Commission rejected a tariff sheet limiting Laclede Gas Company's liability to its customers. The Staff also asserted that R–34 did not comply with the Commission's natural gas safety rules set forth at 4 CSR 240–40.030(10)(J) and (12)(S), because the tariff sheet purported to "eliminate MGE's duty to test for leakage in a competent way, ensure compliance with industry standards and local codes," warn of potential hazards, and discontinue service to a customer when equipment was unsafe.

OPC is an agency of the State of Missouri that represents consumers in utility proceedings before the Commission and in all appeals of the Commission's orders. OPC sided with the Staff's position in objecting to R–34.

On November 9, 2011, following competing summary determination motions filed by the parties, the Commission issued a decision ("Final Decision"). The Commission found the fifth paragraph in section 3.19 of R–34 to be unjust and unreasonable. That paragraph provided:

The Company shall not be liable for loss, damage or injury to persons or proper-

---

1. The facts involved in the underlying case and appeal are drawn, in part, from *Public Service Commission v. Missouri Gas Energy*, 388 S.W.3d 221 (Mo.App. W.D.2012).

2. MGE's Tariff Sheet R–34 originally went into effect per Commission order approving the tariff on April 3, 2007.

ty, in any manner directly or indirectly connected with or arising out of the delivery of gas through piping or gas utilization equipment on the delivery side of the meter, which shall include but not be limited to any and all such loss, damage or injury involving piping, vents or gas utilization equipment, whether inspected or not by the Company, or occasioned by interruption, failure to commence delivery, or failure of service or delay in commencing service due to accident to or breakdown of plant, lines, or equipment, strike, riot, act of God, order of any court or judge granted in any bonafide adverse legal proceedings or action or any order of any commission or tribunal having jurisdiction; or, without limitation by the preceding enumeration, any other act or things due to causes beyond Company's control, or attributable to the negligence of the Company, its employees, contractors or agents.

The Commission found that this paragraph immunized MGE from events not within MGE's control and from MGE's negligence, and that "immunity for negligence is not against public policy for ordinary business activities." The Commission nevertheless determined that this paragraph of section 3.19 of R–34 was unjust and unreasonable because it immunized MGE from liability against *any* allegation of negligence relating to inspection, leakage, and repair. This determination was responsive to Staff's concern that R–34 as written could exculpate MGE even if it failed to comply with promulgated safety regulations. The Final Decision thus voided R–34, and ordered MGE to file a revised tariff sheet by December 9, 2011.

OPC appealed the Final Decision (the "Underlying Appeal"), complaining that

even though the Commission voided R–34, it nonetheless found that tariff sheets could exculpate public utilities for negligence. We reversed the Final Decision and remanded the matter to the Commission for proceedings consistent with our Opinion. *Public Service Commission v. Missouri Gas Energy*, No. WD74732, 2012 WL 5205740 (Mo.App. W.D. October 23, 2012).[3] We found as a matter of law that the Commission "merely carries out the public policy declared by the Missouri Legislature," and that no statute:

[G]rants the Commission the authority to limit a public utility's negligence liability involving personal injury or property damage. Nowhere do the statutes establish a policy suggesting that a public utility company should be immune from negligence liability when its negligence is responsible for a customer's death, injury, or damage to property.

*Id.* at 230–31. We found that common law favors a system where "citizens may file an action for negligence when a company's negligence causes injury or harm," and that the common law remains intact unless abrogated by statute. *Id.* We concluded that:

[T]he Commission does not have the statutory authority to approve of a public utility's attempt to abrogate these common law rights in a tariff sheet. The legislature is the appropriate entity to abrogate negligence claims against public utilities involving personal injury or property damage or it is the entity to expressly delegate that power to the Commission. Until the legislature does so and does so explicitly, however, the Commission has no authority to abrogate an action for common law negli-

---

**3.** As of the date of issuance of this opinion, the opinion in the Underlying Appeal remains subject to the Missouri Supreme Court's disposition of a pending application for transfer.

gence involving personal injury or property damage.

*Id.* Therefore, we held that the Final Decision was unlawful because the Commission acted beyond its authority in concluding that it could authorize tariff sheets that exculpate public utilities from claims of negligence resulting in personal injury or property damage. *Id.*

### The Interim Commission Proceedings

While the Underlying Appeal was pending, MGE filed revised tariff sheets ("Revised R–34")[4] on December 9, 2011[5] as had been directed by the Final Decision.

The fifth paragraph in section 3.19 of Revised R–34 is identical in pertinent part to the same paragraph in R–34 with the exception of new language shown in bold:

> **Provided that the Company has complied with 4 CSR 240–40.030(10)(J), 4 CSR 240–40.030(12)(S) and 4 CSR 240–40.030(14)(B),** the Company shall not be liable for loss, damage or injury to persons or property, in any manner directly or indirectly connected with or arising out of the delivery of gas through piping or gas utilization equipment on the **downstream** side of the **gas** meter, which shall include but not be limited to any and all such loss, damage or injury involving piping, vents or gas utilization equipment **not owned by the Company downstream of the gas meter,** whether inspected or not by the Company, or occasioned by interruption, failure to commence delivery, or failure of service

or delay in commencing service due to accident to or breakdown of plant, lines, or equipment, strike, riot, act of God, order of any court or judge granted in any bona fide adverse legal proceedings or action or any order of any commission or tribunal having jurisdiction; or, without limitation by the preceding enumeration, any other act or things due to causes beyond Company's control, or attributable to the negligence of the Company, its employees, contractors or agents, **provided that the Company has complied with 4 CSR 240–40.030(10)(J), 4 CSR 240–40.030(12)(S) and 4 CSR 240–40.030(14)(B).**

The new language conditioned MGE's immunity from negligence claims on compliance with promulgated safety rules and standards, in apparent response to the Commission's concern that R–34 had exculpated MGE from *all* negligence, notwithstanding a failure to comply with safety standards. The new language also limited MGE's immunity to equipment "downstream," or on the customer's side of the gas meter.

Staff and OPC objected to Revised R–34, and requested suspension of the tariff sheets.[6] OPC also requested an evidentiary hearing, and again challenged the Commission's authority to immunize utilities from liability for negligence. The proceedings involving Revised R–34 were assigned a new case number, GT–2012–0183.

On February 3, 2012, the Commission entered its Order approving Revised R–34,

---

4. The revised tariff sheets are designated "P.S.C. MO. No. 1, Fifth Revised Sheet No. 34" and "First Revised Sheet No. 34.1." Though separately numbered as sheets 34 and 34.1, the tariff sheets read *seriatim* to set forth paragraphs 3.19 and 3.20 of the MGE tariff. As such, the two tariff sheets are collectively referred to as Revised R–34.

5. MGE made a change to the first paragraph of section 3.19 of Revised R–34 on January 6, 2012, in response to a concern raised by Staff. That change is not at issue in this appeal.

6. The suspension was in part requested because the Commission's authority to approve tariff sheets exculpating utilities from liability for their negligence remained pending in the Underlying Appeal.

denying the motions to suspend Revised R–34, and refusing an evidentiary hearing.[7] Revised R–34 was made effective on March 5, 2012. The Order observed the following with respect to OPC's challenge to its authority to approve tariff sheets exculpating MGE for negligence:

> [The OPC] asks to re-litigate matters determined in [case number GC–2011–0100]. But OPC has already appealed the previous action. OPC's appeal may cause the motions to run afoul of "the longstanding rule against simultaneous trial and appellate court jurisdiction[.]" In any event, litigating the matters that OPC is appealing, while OPC is appealing them, thwarts both administrative and judicial efficiency. Further evidence is no longer helpful for matters from the previous action.[8]

(Citation omitted.)

OPC filed an application for rehearing arguing that the Order unreasonably and unlawfully exculpated MGE from negligence liability to its customers. MGE responded that the only issue before the Commission in case number GT–2012–0183 was whether Revised R–34 complied with the Final Decision. The Commission denied rehearing.

On March 19, 2012, OPC filed this appeal challenging the lawfulness of the Order. Though the Underlying Appeal was still pending at that time, it has since been disposed.[9]

## Standard of Review

The Commission found that the Order was entered in a non-contested case be-cause no hearing is required to approve a tariff sheet. Section 393.150.1.[10] The OPC has not challenged this finding.

■■■ "In noncontested cases, we judge only whether or not the Commission's order was lawful." *State ex rel. Public Counsel v. Public Service Comm'n,* 259 S.W.3d 23, 30 (Mo.App. W.D.2008). " 'In determining whether the Commission's order was lawful, we ask only whether the order and decision was authorized by statute. We do not defer to the Commission on this issue, but instead review that question independently.' " *Id.* (citation omitted).

## Analysis

OPC raises two points on appeal. First, OPC claims that the Order is unlawful and unreasonable because (1) the Commission exceeded its authority in granting MGE immunity, (2) the grant of immunity violates common law and public policy, and (3) the Commission failed to articulate a rational basis for contradicting the Laclede Order. Second, OPC claims that the Order is unlawful and unreasonable because it approves a tariff that violates Article I of the Missouri Constitution (the "open courts" provision).

Though OPC's points on appeal challenge the Order, OPC's substantive arguments are indistinguishable from OPC's challenges to the Final Decision raised in the Underlying Appeal.

The Commission and MGE argue that this appeal should be limited to determin-

---

7. The Commission first entered an order approving Revised R–34 on January 18, 2012, with an effective date of January 19, 2012, but that order was withdrawn by the Commission on February 3, 2012.

8. The Commission could have avoided the quandary it described simply by granting OPC's motion to suspend Revised R–34 to permit the Underlying Appeal to run its course.

9. See footnote number 3.

10. All statutory references are to RSMo 2000 as supplemented unless otherwise indicated.

ing whether Revised R–34 technically complied with the Final Decision which required MGE to file revised tariff sheets. The Commission and MGE thus argue that we should not re-litigate the substantive challenges to the Commission's authority raised by OPC in the Underlying Appeal.[11]

The Respondents' arguments concerning the scope of our review in this appeal are ironic, given the position MGE took in the Underlying Appeal. In the Underlying Appeal, MGE argued that OPC's challenge to the Commission's authority was moot because the offending provisions in R–34 had been vacated by the Final Decision, and replaced by Revised R–34 which was approved by the Order. *Public Service Commission*, 388 S.W.3d at 228–30. MGE and the Commission now argue that OPC cannot challenge the Commission's authority to approve Revised R–34 because that issue was required to be litigated in connection with the Final Decision. Presciently anticipating this predicament, we concluded in the Underlying Appeal that an exception to the mootness doctrine applied to permit our review of the Commission's authority to authorize exculpatory tariff sheets, notwithstanding that R–34 had been superseded by Revised R–34. We held:

> *[A] declaration should be made for future guidance* regarding the ability of the Commission to allow a utility company to include an exculpatory clause in a tariff that immunizes the company from liability for any personal injury or property damage caused by the company's

negligence occurring on the customer's property and gas utilization equipment. This is an issue of general public interest, *will likely recur in the future,* and will evade appellate review in future live controversies.

*Id.* at 229 (emphasis added).

■ This appeal requires application of the "future guidance" outlined in the Underlying Appeal. The Order approves a tariff sheet that exculpates MGE from claims of negligence causing personal injury or property damage. The Order was entered in a new proceeding, assigned a new case number, and originated after the Final Decision was entered. The Order assumed the correctness of the result the Commission reached in the Final Decision. But in the Underlying Appeal, we held that the Final Decision—which Revised R–34 was designed to implement—exceeded the Commission's statutory authority. Therefore, in this appeal we need not analyze anew the Commission's statutory authority to approve exculpatory clauses; instead, we need only apply our prior decision in the Underlying Appeal. Our holding in *Public Service Commission*, 388 S.W.3d 221 broadly determined that:

> [N]o statute ... grants the Commission the authority to limit a public utility's negligence liability involving personal injury or property damage.
>
> . . . .
>
> Because we find no statute abrogating a customer's right to sue a public utility company for negligence involving per-

---

11. During oral argument, the Commission took the position that the Order was not subject to judicial review under section 386.510 as it is not an "original order" in a Commission proceeding. However, the Commission acknowledged that its assignment of a new case number to the proceedings initiated following the Final Decision is inconsistent with an argument that the Order was entered in,

and as a mere extension of, the case giving rise to the Final Decision. We also note that we have previously reviewed Commission orders approving compliance tariffs under section 386.510, without suggesting that such orders did not constitute "original orders" subject to judicial review under the statute. *State ex rel. Aquila, Inc. v. Pub. Serv. Comm'n*, 326 S.W.3d 20, 22–27 (Mo.App. W.D.2010).

sonal injury or property damage, we conclude that the Commission's decision is unlawful because it acted beyond its authority.

*Id.* at 231. It is true that Revised R–34 includes language not included in R–34 which conditions MGE's release from liability on compliance with promulgated safety rules, and which limits immunity to the equipment downstream of the gas meter. However, these restraints have no bearing on the principle announced in the Underlying Appeal. The Commission has no statutory authority to abrogate the common law of negligence by affording immunity to public utilities from negligence causing personal injury or property damage on a customer's property, whether or not the immunity is conditioned on compliance with safety rules.

We conclude that the Order is unlawful in light of our reversal of the Final Decision in the Underlying Appeal.[12]

## Conclusion

The Commission's Order is reversed and vacated.[13]

All concur.

**12.** We need not address the OPC's other contentions with respect to the lawfulness of the Commission's Order, including that the Commission failed to articulate a rational basis for contradicting the Laclede Order, or that the Order violates Article 1 of the Missouri Constitution.

**13.** In *Public Service Commission,* 388 S.W.3d 221, we reversed and remanded for further proceedings in case number GC–2011–0100, an appropriate resolution because the Final Decision had vacated R–34. Remand in case number GT–2012–0183, the subject of this appeal, would not be appropriate. That proceeding was initiated in reliance on the erroneous assumption that the Final Decision lawfully declared the Commission's authority to approve tariff sheets exculpating for negligence causing personal injury and property damage so long as immunity is conditioned on compliance with promulgated safety rules and standards.